

Scott E. Gizer, Esq., Nevada Bar No. 12216
　*sgizer@earlysullivan.com*
Sophia S. Lau, Esq., Nevada Bar No. 13365
　*slau@earlysullivan.com*
EARLY SULLIVAN WRIGHT
　GIZER & McRAE LLP
8716 Spanish Ridge Avenue, Suite 105
Las Vegas, Nevada 89148
Telephone:  (702) 331-7593
Facsimile:  (702) 331-1652

Kevin S. Sinclair, Nevada Bar Number 12277
　*ksinclair@sinclairbraun.com*
SINCLAIR BRAUN LLP
16501 Ventura Boulevard, Suite 400
Encino, California 91436
Telephone:  (213) 429-6100
Facsimile:  (213) 429-6101

Attorneys for Defendant
CHICAGO TITLE INSURANCE COMPANY

DESIGNATED LOCAL COUNSEL FOR SERVICE OF
PROCESS ON SINCLAIR BRAUN LLP PER L.R. IA 11-1(b)

Gary L. Compton, State Bar No. 1652
2950 E. Flamingo Road, Suite L
LAS VEGAS, NEVADA 89121

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| DLJ MORTGAGE CAPITAL, INC., <br><br> Plaintiff, <br><br> vs. <br><br> FIDELITY NATIONAL TITLE GROUP, INC.; CHICAGO TITLE INSURANCE COMPANY; CHICAGO TITLE AGENCY OF NEVADA; DOE INDIVIDUALS I through X; and ROE CORPORATIONS XI through XX, inclusive, <br><br> Defendants. | Case No.: 2:20-cv-2251 <br><br> **CHICAGO TITLE INSURANCE COMPANY'S PETITION OF REMOVAL** |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEVADA:**

**PLEASE TAKE NOTICE** that defendant Chicago Title Insurance Company ("Chicago Title") hereby files the instant amended petition of removal removing the instant action to the United States District Court for the District of Nevada (the "District Court"), from Nevada's Eighth District Court in and for Clark County (the "State Court"), pursuant to 28 U.S.C. §§ 1332, 1441(b) and 1446.

1. Plaintiff DLJ Mortgage Capital, Inc. ("DLJ") first filed this action on December 10, 2020 in the State Court. DLJ originally named as defendants Chicago Title, Fidelity National Title Group ("FNTG"), and Chicago Title Agency of Nevada ("Chicago Agency"). A true and correct copy of the Complaint is attached hereto as **EXHIBIT ONE.**

2. This Court has jurisdiction over the instant action pursuant to 28 U.S.C. § 1332(a) because: (i) this action is a civil action pending within the jurisdiction and territory of the United States District Court for the District of Nevada; (ii) the action is between citizens of different states; (iii) the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs; and (iv) all procedural requirements for removal are met.

3. ***There is Complete Diversity of Citizenship Between and Among the Parties***. Chicago Title is a Florida corporation with its principal place of business in Jacksonville, Florida. Thus, it is a citizen of Florida.[1] FNTG is alleged to be a Delaware corporation with its principal place of business in Florida. *See* Ex. 1 [Complaint], ¶ 2. Thus, it would be a citizen of Delaware and Florida. Chicago Agency is alleged to be a Nevada corporation with its principle place of business in Nevada. *See* Ex. 1 [Complaint], ¶ 4. It is therefore a citizen of Nevada. DLJ alleges that it is a national banking association with its main office in the State of New York. Ex. 1 [Complaint]. ¶ 1. It is therefore a citizen of New York for diversity purposes. *Wachovia Bank v. Schmidt*, 546 U.S. 303, 319 (2006) (national bank association is citizen of state where its main

---

[1] DLJ erroneously alleges that Chicago Title is a Nebraska corporation. *See* Ex. 1 [Complaint] ¶ 3. Regardless of whether Chicago Title is a citizen of Florida or both Florida and Nebraska, there is complete diversity of citizenship between and among the parties.



1
**PETITION FOR REMOVAL**

office is located).

4.  **No Defendant Has Been Served.** Neither Chicago Title, FNTG, nor Chicago Agency has been served with the complaint and summons. As such, Chicago Title need not obtain the consent of the co-defendants to removal. However, to the extent that such consent is needed, Chicago Title is informed and believes that FNTG and Chicago Agency, which are both corporate affiliates of Chicago Title, do consent.

5.  Additionally, as set forth above, Chicago Title contends that Chicago Agency was fraudulently joined to defeat removal.  All of DLJ's claims are based on the subject policy of title insurance (i.e., its first cause of action for declaratory relief regarding the scope of coverage, its second cause of action for breach of the policy, its third cause of action for insurance bad faith, its fourth cause of action for deceptive trade practices under NRS 41.600 and 598.0915, and its fifth cause of action for violation of NRS 686A.310). (Id. at ¶¶ 122-195.)  The policy attached to DLJ's Complaint provides that:

> SUBJECT TO THE EXCLUSIONS FROM COVERAGE, THE EXCEPTIONS FROM COVERAGE CONTAINED IN SCHEDULE B, AND THE CONDITIONS, CHICAGO TITLE INSURANCE COMPANY, …(the "Company"), insures as of Date of Policy … against loss or damage…sustained or incurred by the Insured by reason of: [14 enumerated risks].

Ex. 1 (Complaint) p. 32 (Policy).  The Policy, and all the endorsements therein, bear signature blocks labeled "CHICAGO TITLE INSURANCE COMPANY" and each bears its corporate seal. *Id.*, pp. 32-41.  DLJ made its claim to Chicago Title, not Chicago Agency. See *Id.*, ¶ 93, p. 700. Chicago Agency has never been an underwriter of title insurance policies, and did not underwrite the specific policy identified in DLJ's complaint.  *See* Ex. 1 [Complaint], Ex. 1 [The Policy].  To the extent that DLJ alleges that Chicago Agency "agreed to undertaking the obligation of procuring, issuing, and/or providing coverage that insured the Lender's Deed of Trust was in superior position over the HOA's lien" or made other representations, any such representations or agreements would have been with DLJ's predecessor, not DLJ.  *Id.* ¶ 71.  DLJ has no standing to sue Chicago Agency on them (assuming DLJ had an otherwise meritorious claim against Chicago Agency, which it does not).

6.  FNTG was likewise fraudulently joined to this action.  For a start, the Court has no

1  personal jurisdiction over FNTG, which is not incorporated or headquartered in Nevada, nor did
2  anything with respect to DLJ's claim to avail itself of the law of Nevada.  Moreover, all of DLJ's
3  causes of action arise out of the policy underwritten by Chicago Title, not FNTG.  Ex. 1
4  (Complaint) p. 32 (Policy).  FNTG is merely the corporate parent of Chicago Title.  *See* Ex. 1
5  (Complaint) ¶ 3.  It did not underwrite the policy at issue in this litigation, nor did it handle the
6  title insurance claim tendered by DLJ.  *See* Ex. 1 (Complaint) p. 32 (Policy), p. 700 (Claim letter).
7  In a substantively identical lawsuit filed in this district by the same law firm representing DLJ
8  here, Judge Miranda Du granted a motion to dismiss all claims against FNTG on the ground that
9  "[e]ven if the claim handling attorney were an employee of Fidelity, the Policy unambiguously
10 states that it was issued by Chicago—not Fidelity. … The allegations in the Complaint and the
11 exhibits attached thereto do not support any legal relationship between the Bank and Fidelity to
12 give rise to the Bank's claims against Fidelity." *HSBC Bank USA, N.A. v. Fidelity National Title*
13 *Group et al.,* No. 2:18-cv-02162 (D. Nev. Oct. 30, 2019), Dkt. #41, p. 4:6-24.  DLJ presents
14 nothing new here, and cannot possibly state a claim against FNTG under any theory.

15        7.    **The Amount in Controversy Exceeds $75,000**.  The complaint in this action seeks
16 both monetary and nonmonetary relief.  DLJ contends that it was the beneficiary of a deed of trust
17 (the "Deed of Trust") recorded against that certain real property commonly known as 4137 Brassy
18 Boots Court, Las Vegas, Nevada 89129, APN 138-03-317-035 (the "Property") to secure
19 repayment of a $158,512 loan (the "Loan").  After the homeowners association for the Property
20 foreclosed on an assessment lien on September 16, 2013, DLJ contends that it filed a lawsuit
21 against the new owner in the U.S. District Court for the District of Nevada, Case No. 2:17-cv-
22 02338 (the "Underlying Action"). It is Chicago Title's understanding that by this action, DLJ is
23 seeking to recover (i) the balance due on the Loan; (ii) its attorney fees in the Underlying Action;
24 (iii) its attorney fees in this action; and (iv) punitive damages.  Thus, the amount in controversy
25 well exceeds the $75,000 jurisdictional minimum of this Court.

26        8.    **Chicago Title Timely Filed This Notice of Removal**.  This action was filed on
27 December 10, 2020. Thus, there can be no dispute that Chicago Title timely filed the instant
28 notice of removal (i.e., within the 30-day period prescribed by 28 U.S.C. § 1446(b)(1), and less

1  than one year after the action was initiated, as required by 28 U.S.C. § 1446(c)(1)).

2       9.    ***Notice to the State Court and All Adverse Parties.***  Chicago Title will give notice of this removal to all adverse parties in the action and to the State Court promptly after the filing of the instant Notice of Removal, in compliance with the requirements of 28 U.S.C. § 1446(d).

     10.    ***All Pleadings from the State Court Action Have Been Attached***. The only pleadings from the State Court Action are attached hereto as **EXHIBIT ONE** and **EXHIBIT TWO**.

     11.    ***This Notice Complies with Fed. R. Civ. P. 11.***  This Notice of Removal is hereby signed pursuant to Fed. R. Civ. P. 11(a).

     12.    Accordingly, as Chicago Title has complied with all applicable terms of 28 U.S.C. § 1446, it hereby removes this action in intervention from the State Court to the District Court, and it hereby requests that further proceedings be conducted in the District Court as provided by law.

Respectfully submitted,

Dated:  December 13, 2020       EARLY SULLIVAN WRIGHT
                                                                GIZER & McRAE LLP

By:  /s/-Scott E. Gizer
      SCOTT E. GIZER
      Attorneys for Defendant
      CHICAGO TITLE INSURANCE COMPANY

Dated:  December 13, 2020       SINCLAIR BRAUN LLP

By:  /s/-Kevin S. Sinclair
      KEVIN S. SINCLAIR
      Attorneys for Defendant
      CHICAGO TITLE INSURANCE COMPANY

